## MOLESIO SOLIS V. THE STATE.

### No. 10139.   Delivered June 9, 1926.

**1.—Transporting Intoxicating Liquor—Evidence—Properly Admitted.**

Where, on a trial for transporting intoxicating liquor, there was no error in permitting the introduction of a bottle of liquor, which officers testified they had seen appellant conceal, and afterward recover and deliver to a person, who paid him money at the time of the delivery, the bottle introduced in evidence having been fully identified.

**2.—Same—Impeaching Defendant—Other Felonies—Properly Admitted.**

Where the appellant testified as a witness in his own behalf, the state was properly permitted to prove that he had been implicated in other felonies for the purpose of affecting his credibility as a witness. It is the rule in this state that parties who are witnesses in criminal cases may be shown to have been charged with felonies, or other offenses involving moral turpitude, for the purpose of affecting their credibility as such witnesses.

**3.—Same—Withdrawing Testimony—No Error Shown.**

Where testimony was admitted by a witness to the effect that appellant had been indicted in another county for a felony, and upon motion being made by appellant for time in which to secure witnesses from such other county to refute this evidence, the court withheld the testimony from consideration of the jury, and the minimum punishment was assessed, no reversible error is presented.

Appeal from the District Court of Willacy County.   Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*James P. Cogdekk* and *H. G. Hart* of Raymondville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Willacy County of transporting intoxicating liquor, punishment fixed at one year in the penitentiary.

There are three bills of exception, each of which is qualified by the trial court, and the qualification accepted without complaint. Bill No. 1 was taken to the admission in evidence of a bottle of liquor, the ground of objection thereto seeming to be that it was not sufficiently identified. The sheriff testified that on the occasion in question he attended a Mexican dance and observed appellant going back and forth in his car delivering bottles, and that on the last occasion he saw appellant go and come back and place a bottle down by a blacksmith shop; that appellant went away and returned with another man to whom he handed the bottle in question and from whom he received some money. The witness testified that both appellant and the other party were arrested at once and the bottle taken from the other party, conveyed to the jail and that it had been locked up, and same was positively identified as the bottle which was handed by appellant to the other party at the time. There seems nothing in the bill.

There being before us no statement of facts, we must presume that appellant had become a witness in his own behalf and that the testimony of Officer Townsend relative to a prior felony in which appellant was implicated, was admissible for the purpose of affecting appellant's credibility as a witness. It is the rule in this state that parties who are witnesses in criminal cases may be shown to have been charged with felonies or other offenses involving moral turpitude for the purpose of affecting their credibility as such witnesses.

The remaining bill is in such condition as that we are unable to appraise the complaint. In his qualification the learned trial judge states that when the state put witness Townsend on the stand to testify to the fact that appellant had been indicted in another county for a felony, that appellant's counsel asked for process to said other county for ten or fifteen witnesses by whom he expected to prove an alibi as to such alleged felony committed in said other county, and that it appeared to the court that it would require several days to get all these witnesses, and that thereupon the court, in the interest of time, withdrew from the jury all the evidence of Townsend relative to this matter and instructed the jury not to consider it for any purpose whatever. It appears to us from indulgence of the legal presumption that, in the absence of a statement of

facts, the trial court was legally permitting the introduction of the testimony of Mr. Townsend, and giving full weight to his statement in the qualification above referred to that the testimony was withdrawn from the jury because he did not want to pass the case over for several days merely to procure witnesses from another county to combat the correctness of such collateral matter, and especially in view of the further fact that the jury gave to appellant the lowest penalty for the offense charged against him, we are inclined to the opinion that said bill of exception shows no reversible error. We do not know what appellant had testified, nor how far testimony material only as affecting his credibility could have been given weight in determining guilt of this charge, but the facts were before the trial court, whose action in overruling the motion for new trial is presumed to be right. We do not feel ourselves in position to conclude that appellant could have been injured by the withdrawal of the testimony of Townsend and the refusal of the court to postpone the case, then, on trial for evidence not shown to relate to the question of guilt, when the jury in fact gave to appellant the minimum penalty for the offense charged against him.

Having before us no facts in this case, and being unable to assent to the proposition that either of the bills of exception present reversible error, the judgment will be affirmed.

*Affirmed.*